## EDWARD D. THAYER *vs.* MOWRY LAPHAM.

A., having leased a mill and machinery to B. and C. for five years, entered into an agreement with them in writing by which he discharged C. from the covenants of the lease, and B. agreed " that A. shall have to his own use all the machinery and property mentioned in the schedule hereto annexed now in and about the mill, together with all the additions and improvements thereon, the same to become the property of said A. at the expiration of the lease; and the said B. also agrees with said A. that he will keep a competent man constantly upon repairs upon said mill and the machinery in the same, and that a good and faithful watchman shall be kept to watch said establishment till the expiration of said lease." C. indorsed thereon his "assent to the disposition within made by the within named B. of the machinery and property." The machinery and property mentioned in the schedule were destroyed by fire before the expiration of the lease. *Held*, that A. could not maintain an action against B. upon the agreement, to recover the value of the same.

FOSTER, J.   The plaintiff, owner of a woollen mill and certain machinery therein, executed a lease thereof for five years, from May 1st 1860 to the defendant and his partner, James A. Smith.   January 21st 1863 a written contract was made between the parties, by which the plaintiff as lessor released Smith from his covenants under said lease, and accepted the defendant as sole tenant.   On his part, " the said Lapham, in consideration of the covenants of said Thayer hereinafter contained, agrees with said Thayer, the said Smith assenting thereto by his indorsement upon this agreement, that said Thayer shall have to his own use all the machinery and property mentioned in the schedule hereto annexed, marked A, now in and about the mill mentioned in said lease, together with all the additions and improvements thereon, the same to become the property of said Thayer at the expiration of said lease ; and the said Lapham also agrees with said Thayer that he will keep a competent man constantly upon repairs upon said mill and the machinery in the same, and that a good and faithful watchman shall be kept to watch said establishment till the expiration of said lease, the same to be kept after bell hours at night." Smith indorsed upon this contract his " assent to the disposition therein made by the within named Lapham of the machinery and property mentioned in schedule A." September 17th 1864 the mill and all the property included in the schedule were consumed by fire.

Thayer v. Lapham.

The plaintiff has brought the present action upon the contrac above recited, which he contends is to be construed as an executory agreement for the sale and delivery of personal property at a future day, by which the defendant was bound to have it forthcoming at the termination of the lease, and is liable in damages for the non-performance of his covenant, notwithstanding its total destruction by fire. He relies upon the words, " the same to become the property of said Thayer at the expiration of said lease." And if they stood alone they would support his position. But we think the whole language, when interpreted in the light of the circumstances and applied to the subject matter of this particular agreement, leads to a different conclusion.

A part of the machinery in the mill belonged to the landlord, and a part to his tenant. The parties apparently intended to place both classes of property on the same footing, to have them used by the tenant during the lease, and become the absolute property of the landlord at its termination. But they meant the rights of the tenant during the term to be rights of tenancy and not of ownership. They could not have proposed to leave the property embraced in schedule A liable to attachment by Lapham and Smith's creditors, which would be the necessary result of the construction contended for by the plaintiff. Part of the property was a steam-engine and its appurtenances, a fixture of trade removable by the tenant, but attached to the realty ; another item was " an addition to a dwelling-house," which may or may not have been of such a nature that the tenant could take it away. The whole was evidently to be used by Lapham till the end of the lease, and a man was to be kept employed upon repairs " upon the mill and the machinery in the same," as though the whole was regarded in one light. It would, of course, all deteriorate, and, from its nature, portions would probably be entirely worn out. The parties did not contemplate replacing such portions as might wear out, nor compensation in damages for the diminished value. But, if they made an executory agreement for the future delivery, we do not perceive why the obligation of the lessee should not be construed to require him to make good the wear and tear resulting from

ordinary use, as well as from casualties; and, if liable for a casual total loss, why he would not be for a casual partial loss, whether arising from fire or any other cause.

Our opinion is that when the parties agreed that Thayer should, at the end of the lease, " have to his own use," to become then his property, the machinery and fixtures which otherwise the tenant might lawfully have removed, they intended not an executory agreement, but a present bargain of the property, to be delivered at the end of the tenancy, and that this case falls within the ordinary rule that goods bargained and sold are, before delivery, at the risk of the vendee. It may be worth observing that, inasmuch as the lease was to be terminated upon a loss by fire to the amount of fifty per cent., the plaintiff's construction would produce the result that the occurrence of such a fire the day after the contract would have given him an immediate right of action for the value of property which both parties expected the tenant was to use until the term of the lease expired.

The indorsement by Smith upon the agreement was a consent to the " disposition within made of the property;" language which indicates on his part a present transfer of title. The words, " said Thayer shall have to his own use all the machinery," are of like import. And the subsequent expressions relied upon by the plaintiff are not, in our judgment, sufficiently decisive and controlling to require us to disregard the intention of the parties as collected from the general tenor of the instrument.

Upon the agreed facts there must be judgment for the defendant.

*P. C. Bacon & P. E. Aldrich*, for the plaintiff, cited *Adams* v *Nichols*, 19 Pick. 275; *Kramer* v. *Cook*, 7 Gray, 550, and cases cited; *Baylies* v. *Fettyplace*, 7 Mass. 325.

*F. H. Dewey*, for the defendant.